**Ricardo WIDADA, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General, Respondent.**

No. 08–0379–ag.

United States Court of Appeals, Second Circuit.

Aug. 6, 2008.

Charles Christophe, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Thankful T. Vanderstar, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner Ricardo Widada, a native and citizen of Indonesia, seeks review of a December 27, 2007 order of the BIA affirming the October 19, 2006 decision of Immigration Judge ("IJ") Robert D. Weisel denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ricardo Widada*, No. A96 203 492 (B.I.A. Dec. 27, 2007), *aff'g* No. A96 203 492 (Immig. Ct. N.Y. City Oct. 19, 2006). We assume the

parties' familiarity with the underlying facts and procedural history of the case.

■ As an initial matter, because Widada failed to exhaust his challenge to the IJ's denial of his request for relief under the CAT, we are without jurisdiction to consider that claim. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft,* 329 F.3d 51, 59 (2d Cir.2003)). We dismiss the petition for review to that extent and review only Widada's challenge to the denial of his application for withholding of removal.

Where the BIA affirms the IJ's decision in all respects but one and then supplements that decision, this Court reviews the IJ's decision as supplemented by the BIA, "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Because the BIA found clear error in the IJ's adverse credibility determination, we assume, without determining, Widada's credibility. *Id.*

This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ Here, the agency found that the incidents Widada described constituted discrimination and harassment, but did not rise to the level of past persecution. *See* 8 C.F.R. § 1208.16(b)(1)(i); *see also Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (to constitute persecution, harm to an applicant must be

sufficiently severe, rising above "mere harassment"). We find no error in that determination. Widada testified that he was taunted by schoolchildren, asked for money by the police following a motorcycle accident, and slapped by a police officer while at a restaurant. He further claimed that someone painted a derogatory term on his fence, and that a Muslim man knocked his Bible to the ground and spit on it. While disturbing, we cannot find, contrary to the agency, that these incidents constitute persecution, even when viewed cumulatively. *See Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc) ("persecution is an extreme concept that does not include every sort of treatment our society regards as offensive") (internal citation omitted). Accordingly, we affirm the agency's past persecution finding.

■ We also find that the agency reasonably determined that Widada failed to establish "that it is more likely than not that he ... would be persecuted on account of [a protected ground]." 8 C.F.R. § 1208.16(b)(2); *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 105 (2d Cir.2006). Absent a showing of a pattern or practice of persecution against similar persons, an applicant must provide evidence that he or she would be singled out for persecution. *See* 8 C.F.R. § 1208.16(b)(2). Here, the BIA found that Widada had not demonstrated a pattern or practice of persecution against Chinese Christians. Because Widada does not challenge that finding in his opening brief, we deem any such challenge waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

Moreover, Widada produced no objective evidence suggesting that he would be singled out for persecution. *See* 8 C.F.R.

§ 1208.16(b)(2). While the record contains the Department of State's 2004 International Religious Freedom Report and its 2005 Human Rights Practices Report for Indonesia, these reports are not specific to Widada. Further, as the BIA observed, they indicate that while there is ongoing interreligious conflict in Indonesia, conditions are improving. *See Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006). The agency also properly considered the fact that Widada's siblings have remained in Indonesia unharmed in finding that he had not shown that it is more likely than not that he would be persecuted. *See Poradisova v. Gonzales,* 420 F.3d 70, 80 (2d Cir. 2005). Thus, there is no merit to Widada's argument that the agency failed "to acknowledge the reality of the situation in Indonesia."

Nor is there merit to Widada's argument that the BIA applied an improper standard in evaluating his "well-founded fear of persecution," by not looking to his objective and subjective fear. This argument conflates the burden of proof for asylum with that for withholding of removal. *See INS v. Stevic,* 467 U.S. 407, 429, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984) (finding that the well-founded fear standard is unique to discretionary claims for asylum); *see also Paul v. Gonzales,* 444 F.3d 148, 155–156 (2d Cir.2006) (holding that withholding, unlike asylum, does not require a subjective fear of persecution). Accordingly, the agency properly denied Widada's withholding of removal claim.

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. The pending request for oral argument in this petition is DENIED as moot.